**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Michael Frank YOUNG, Defendant–Appellant.**

No. 02–5815.

United States Court of Appeals, Sixth Circuit.

May 10, 2004.

Hugh B. Ward, Jr., Asst. U.S. Attorney, U.S. Attorney's Office, Knoxville, TN, Paul W. Laymon, Jr., Asst. U.S. Attorney, U.S. Attorney's Office, Chattanooga, TN, for Plaintiff–Appellee.

John Allen Brooks, Chattanooga, TN, for Defendant–Appellant.

Before BOGGS, Chief Judge; KENNEDY, Circuit Judge; and RUSSELL, District Judge.*

PER CURIAM.

Michael Frank Young appeals from the sentence imposed on him for one count of attempting to manufacture methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(c), 846, after his plea of guilty. Mr. Young's plea agreement specifies that the offense occurred "on or about" May 15, 2001.

The district court sentenced Young under the May 1, 2001, emergency amendments to the United States Sentencing Guidelines, which took effect two weeks before the police first discovered drug manufacturing paraphernalia on Young's property. Amendment 611 increased the offense level associated with ephedrine, a precursor chemical of methamphetamine. See U.S.S.G. § 2D1.11(d). Police seized both full and empty containers of ephedrine tablets from Young's property on May 15 (as well as an array of other chemicals and equipment suggestive of a "meth lab"). The district court (over the objection of Young's counsel) treated both the full and empty containers as relevant conduct when it calculated Young's sentence. After all relevant sentence enhancements and reductions, it assigned him a final offense level of 25, and sentenced him to 57 months of imprisonment, the bottom of the applicable range. If not for the change in the guidelines, Young would have received a final offense level of only 11. If he had been sentenced under the new guidelines, but the empty boxes had been excluded from the relevant conduct, his final offense level would have been only 19.

Young argues that the government was required to prove, and failed to prove, that he possessed the ephedrine in the empty boxes *after* the promulgation of the new guidelines. Therefore, he contends, using those materials to calculate his sentence under the new guidelines violated the federal[1] Ex Post Facto Clause, U.S. Const., art. I, § 9, cl. 3.

Our holding in *United States v. Ykema*, 887 F.2d 697 (6th Cir.1989), *cert. denied*, 493 U.S. 1062, 110 S.Ct. 878, 107 L.Ed.2d 961 (1990), forecloses this argument. The Ex Post Facto Clauses invalidate applications of law that "retroactively alter the definition of crimes or increase the punishment for criminal acts." *Cal. Dept. of Corr. v. Morales*, 514 U.S. 499, 504, 115 S.Ct. 1597, 131 L.Ed.2d 588 (1995). However, when a defendant is convicted of an offense that took place *after* a change in governing law, the applicable Ex Post Facto Clause is not violated simply because the defendant's sentence depends to some extent upon incidents that predated the change—even if those incidents count more strongly against the defendant than would have been true if he had committed his offense before the change.

In *Ykema*, a drug defendant argued that the district court violated the Ex Post Facto Clause by sentencing him under the federal sentencing guidelines, which had gone into effect before his offense of conviction, but after some of the transactions that were used to calculate his base offense level. This is the same sequence of events that (so Young contends) occurred

---

1. The Constitution has "two *Ex Post Facto* Clauses [that] prohibit the Federal Government and the States from enacting laws with certain retroactive effects. See Art. I, § 9, cl. 3 (Federal Government); Art. I, § 10, cl. 1 (States)." *Stogner v. California*, 539 U.S. 607, 123 S.Ct. 2446, 2449, 156 L.Ed.2d 544 (2003).

with respect to the guidelines amendment at issue here. Ykema pleaded guilty to possessing between 2 and 3 kilograms of cocaine "after November 1, 1987," the guidelines' effective date. *Id.* at 700. However, his sentence was based on his involvement with 10 kilograms of cocaine, a figure which included transactions preceding the effective date. *Id.* at 698, 700.

We held that Ykema's sentence was not an *ex post facto* violation. We noted that "[p]reviously, courts have held that an increase in sentence for a repeat offense does not violate the *ex post facto* clause simply because the first offense was committed before the passage of the repeat offender law." *Id.* at 700; *see Gryger v. Burke*, 334 U.S. 728, 68 S.Ct. 1256, 92 L.Ed. 1683 (1948). Accordingly, we embraced "the proposition that augmenting punishment for a later offense, based on acts committed before a law is passed, does not violate the *ex post facto* clause." *Ibid.*[2]

Young's case, like Ykema's, falls squarely within the scope of this proposition, and his sentence therefore is not an *ex post facto* violation. This result is consistent with our own decisions applying *Ykema* and extensive authority from other circuits. *E.g., United States v. Parrott*, 148 F.3d 629, 632 (6th Cir.1998); *United States v. Sullivan*, 255 F.3d 1256, 1261–63 (10th Cir.2001); *United States v. Kimler*, 167 F.3d 889, 893–94 (5th Cir.1999); *United*

States v. Allen, 886 F.2d 143, 145–46 (8th Cir.1989).

Accordingly, the judgment of the district court is AFFIRMED.

---

**2.** That the change in law occurred *before* the defendant's offense of conviction distinguishes both *Ykema* and the present case from *Miller v. Florida*, 482 U.S. 423, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987), the main authority relied upon by Young.

In *Miller*, the Supreme Court held that a state *ex post facto* violation occurred when a defendant was sentenced for sexual battery under a set of toughened sentencing guidelines that were adopted *after* his offense of conviction was complete. *Id.* at 426–28, 434. The Court reasoned that "the statute in effect at the time [Miller] acted did not warn him

that Florida prescribed a 5 ½ to 7–year presumptive sentence for that crime." *Id.* at 431. No such potential notice problem exists in the present case, and there is no *ex post facto* problem. *Cf. Gryger*, 334 U.S. at 732 ("[T]he fact that one of the convictions that entered into the calculations by which petitioner became a fourth offender occurred before the Act was passed [does not] mak[e] the Act invalidly retroactive.... The sentence ... is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes. It is a stiffened penalty for the latest crime....").