**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Luis VEGA, Defendant–Appellant.**

**No. 03–6589.**

United States Court of Appeals,
Sixth Circuit.

Aug. 5, 2004.

Lorraine Craig, Asst. U.S. Attorney, U.S. Attorney's Office, Memphis, TN, for Plaintiff–Appellee.

Luis Vega, Adelanto, CA, pro se.

Before KENNEDY, SUTTON, and COOK, Circuit Judges.

## ORDER

Luis Vega, a federal prisoner, appeals his conviction and sentence. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2003, Vega pleaded guilty to possessing with intent to distribute methamphetamine mixture, in violation of 21 U.S.C. § 841(a)(1), and to re-entering the United States after deportation as an aggravated felon, in violation of 8 U.S.C. § 1326. In exchange for his guilty plea, the government agreed to dismiss the other two counts in the indictment. Vega's guidelines range of imprisonment was calculated to be 188 to 235 months, based on a total offense level of 31 and a criminal history category of VI. Neither party filed objections to the presentence investigation report, and the district court sentenced Vega to 188 months in prison and 5 years of supervised release.

Vega's court-appointed counsel has filed an appellate brief with this court and also a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). After reviewing the entire record, counsel was of the opinion that there were no meritorious grounds for appeal, but nonetheless raised the issues of whether Vega entered a valid plea and whether he was properly sentenced. Vega was notified of his right to respond to his attorney's *Anders* brief, but no response has been received by this court.

Upon review, we conclude that counsel's motion to withdraw must be granted as counsel has filed an acceptable *Anders* brief.

Vega's plea was valid. Rule 11 of the Federal Rules of Criminal Procedure sets forth the procedure to be followed by a district court in accepting a guilty plea. The purpose of Rule 11 is to ensure that a defendant understands the nature of his applicable constitutional rights, that his plea of guilty is voluntary with a full understanding of the nature of the crime charged and the consequences of the plea, and that a factual basis exists for the crime to which the plea is being offered. *United States v. Goldberg*, 862 F.2d 101, 106 (6th Cir.1988).

The district court complied with the requirements of Rule 11. The court explained the charges, the possible penalties, its obligation to apply the Sentencing Guidelines, and Vega's constitutional rights. *See* Fed.R.Crim.P. 11(b)(1). Vega confirmed that he understood the charges and penalties and was not pleading guilty as a result of coercion. *See* Fed.R.Crim.P. 11(b)(2). After the court summarized the plea agreement and read the indictment, Vega described his offenses and the government also provided a factual basis. *See* Fed.R.Crim.P. 11(b)(3). The court concluded the plea hearing by finding Vega competent and accepting his plea. There was no error in this regard.

Vega was properly sentenced. A defendant may only appeal his sentence on the grounds that: 1) it was imposed in violation of law; 2) it was imposed as a result of an incorrect application of the Sentencing Guidelines; 3) it represented an upward departure from the applicable guideline range; or 4) it is a plainly unreasonable sentence imposed for an offense for which there is no sentencing guideline. *See* 18 U.S.C. § 3742(a); *United States v. Lively*, 20 F.3d 193, 196–97 (6th Cir.1994). Moreover, if a defendant does not object to sentencing errors at the time of sentencing, the defendant forfeits his right to raise the errors on appeal and this court will review the sentence only for plain error. *See* Fed.

R.Crim.P. 52(b); *United States v. Barajas–Nunez,* 91 F.3d 826, 830 (6th Cir. 1996).

 Vega did not raise any objections at sentencing, and review of the sentence does not reveal any plain error. The transcript of the sentencing hearing reflects that Vega and his counsel were present and were given ample opportunity to comment on the presentence investigation report. Vega's total offense level was properly calculated as 31. In determining the offense level, the probation officer first calculated the offense levels separately for each count. The offense level for the methamphetamine offense was 34, based on an amount of methamphetamine mixture between 1.5 and 5 kilograms. *See* USSG § 2D1.1. The offense level for re-entering after deportation was 24 because Vega had been previously convicted of a drug-trafficking offense and had been sentenced to more than 13 months in prison. *See* USSG § 2L1.2(a) and (b)(1). The probation officer then combined the offense levels by taking the higher of the two offense levels without increasing it because the difference in the offense levels was more than nine. *See* USSG § 3D1.4(c). The combined offense level of 34 was reduced by three levels based on Vega's acceptance of responsibility to achieve a total offense level of 31. *See* USSG § 3E1.1(a) and (b).

Vega's criminal history category was properly calculated as VI. He was assessed three points each for three prior sentences exceeding 13 months, two points each for two prior sentences exceeding 60 days, and 1 point for a sentence of less than sixty days. *See* USSG § 4A1.1(a), (b), and (c). All prior sentences were within the applicable time period from the commencement of the instant offense, as the issuance date for Vega's driver's license proves that he had re-entered the United States by 1999. *See United States v. Galvan–Guajardo,* 78 Fed.Appx. 477, 480 (6th Cir.2003); USSG § 4A1.2(a), (e), and comment. (n.8). The resulting total of 14 criminal history points placed him in criminal history category VI and resulted in a guidelines range of 188 to 235 months in prison. *See* USSG Ch.5, Pt.A. The district court did not depart upward from the guideline range, but imposed a prison term of 188 months. We note that the plea agreement did not contain a provision concerning the length of the sentence.

Accordingly, counsel's motion to withdraw is granted, and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.