NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

File Name:  19a0172n.06

Case No. 18-5773

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

FILED
Apr 03, 2019
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| NICHOLAS AARON WILLINGER, | ) | KENTUCKY |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE:  SUTTON, WHITE, and DONALD, Circuit Judges.

SUTTON, Circuit Judge.  Nicholas Willinger used peer-to-peer software to download child pornography.  After he pleaded guilty to receiving the images, the district court enhanced his advisory sentencing range for knowingly distributing the materials and denied him a reduction for conduct limited to receipt or solicitation.  Willinger challenges each finding.  Because the district court based its decisions on an erroneous fact, we vacate Willinger's sentence and remand for a new sentencing.

While investigating a murder in 2014, a detective from the Kentucky State Police went to Willinger's home to speak with him.  After Willinger consented to a search of his room, the detective saw Willinger's laptop and got his permission to search it.  A scan of the computer revealed that it contained 56 video files of young children engaging in sexual acts.  Willinger

pleaded guilty to knowingly receiving child pornography in interstate commerce. 18 U.S.C. § 2252(a)(2).

Willinger's presentence investigation report recommended that the district court enhance his sentencing range by two levels for knowingly distributing the illicit images. U.S.S.G. § 2G2.2(b)(3)(F). Willinger acknowledged that he obtained the videos using a peer-to-peer sharing program called Shareaza, which allows users to download files stored on other users' computers. But he claimed that he had turned off the sharing feature on the software and had moved the child-pornography files out of the program's sharing folder, preventing any distribution of the files. In the absence of any distribution of files, he argued that he should receive a two-point reduction for conduct limited to receipt or solicitation. U.S.S.G. § 2G2.2(b)(1). The government rebutted those arguments with a report generated through a law-enforcement resource called the Internet Crimes Against Children database, which it said showed that Willinger had made child pornography available to share through his software.

The district court found that Willinger knowingly engaged in distribution and enhanced his sentencing range accordingly. The court also denied Willinger's requested reduction. After calculating an advisory guidelines range of 210 to 240 months, the court varied downward and sentenced Willinger to 190 months in prison.

*The distribution enhancement*. Willinger first contends that the district court erred in applying the distribution enhancement—a challenge that receives clear-error review with respect to the district court's factual findings and fresh-look review with respect to its interpretation of the sentencing guidelines. *United States v. Rayyan*, 885 F.3d 436, 440 (6th Cir. 2018).

The guidelines require a two-level increase "[i]f the defendant knowingly engaged in distribution" of child pornography. U.S.S.G. § 2G2.2(b)(3)(F). The guidelines define distribution

as "any act . . . related to the transfer of" child pornography, including "posting [child pornography] on a website for public viewing." U.S.S.G. § 2G2.2 cmt. n.1. Sharing pornography through a file-sharing program is an "act . . . related to the transfer" of that material, and thus qualifies as distribution. *United States v. Abbring*, 788 F.3d 565, 567 (6th Cir. 2015).

The district court's factual finding in support of the distribution enhancement was clearly erroneous. When justifying its application of the enhancement at the sentencing hearing, the court rested solely on its conclusion that sharing cannot be disabled on peer-to-peer software. The court based this belief on the testimony of the detective who investigated Willinger's laptop. The detective admitted he had not checked the settings of Willinger's peer-to-peer program to ensure that the sharing feature was turned on but observed that he had never heard of a peer-to-peer program that allowed sharing to be turned off. Despite Willinger's insistence that he had disabled sharing, the court found the detective's testimony credible, reasoning that "[i]f you could turn it off, why have peer to peer." R. 49 at 47. Because sharing cannot be disabled, the court inferred, Willinger necessarily distributed the images when he used the software. But the court's conjecture appears to be mistaken. Some kinds of peer-to-peer software, including at least one version of Shareaza, do allow the user to toggle off the sharing feature. *See United States v. Spriggs*, 666 F.3d 1284, 1287 (11th Cir. 2012).

The government makes no attempt to defend this factual mistake. Instead, it argues that the court's error was harmless, because the Internet Crimes Against Children database report provided an adequate alternative ground for applying the enhancement. At the sentencing hearing, the detective testified that the report showed that Willinger had engaged in distribution. The detective explained that, after finding Willinger's laptop contained child pornography, he ran the computer's global unique identifier and internet protocol address through the database and

determined that Willinger's computer had made five illicit images available for others to download over a five-day period in 2013. That evidence, the government urges, provides more than enough support for the enhancement.

The government's point is a fair one. If the report showed that Willinger made child pornography available to share over his peer-to-peer software, that would indeed support a finding of distribution under the guidelines. *See Abbring*, 788 F.3d at 567. And that alternative support for the enhancement would mean the finding about the nature of peer-to-peer sharing did not affect Willinger's substantial rights, making it harmless. *See United States v. Parrott*, 148 F.3d 629, 633–34 (6th Cir. 1998).

But we cannot reach that conclusion on the record before us. The detective's testimony about the report's contents was inconsistent. When asked to clarify the meaning of the report on cross-examination, the detective stated that it showed files "that are available to share or that have been received," but that he could not tell who sent or received any particular file. R. 49 at 40. The detective's apparent unfamiliarity with the database report undermined his credibility, as did his misunderstanding of whether sharing could be turned off on peer-to-peer software. In light of those deficiencies, the district court might have credited the detective's testimony about the significance of the report; it might not have. The reality is that the court did not rely on the report to support the enhancement. Given the gap between what the enhancement requires and what the record shows, and given the absence of any authoritative explanation of the meaning of the database report, we cannot conclude that the district court's error was harmless. *See United States v. Robinson*, 390 F.3d 853, 889 (6th Cir. 2004).

*The receipt or solicitation reduction*. Willinger, relatedly, challenges the district court's decision to deny him a sentencing reduction for conduct limited to receipt or solicitation. For many of the same reasons just discussed, we must reverse.

Willinger qualifies for the reduction if (1) his conduct was "limited to the receipt or solicitation of" child pornography and (2) he "did not intend to traffic in, or distribute," the material. U.S.S.G. § 2G2.2(b)(1). In explaining its rationale for denying this reduction, the district court noted that "you don't get into peer sharing without the intent to traffic." R. 49 at 47. As just seen, however, a user of a peer-to-peer program does not necessarily engage in distribution if he has turned off his software's sharing feature. And deliberately blocking any sharing is inconsistent with an intent to distribute.

The government repeats its argument that the database report showed that Willinger engaged in distribution, thus defeating his attempt to prove his conduct was limited to receipt or solicitation. *See Abbring*, 788 F.3d at 568. On remand, the government is free to make that argument, and the district court is free to consider it. For now, we only determine that the stated reason for denying the reduction was clearly erroneous.

We vacate Willinger's sentence and remand for resentencing.