*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2000 FED App. 0022P (6th Cir.)
File Name: 00a0022p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

*v.*　　　　　　　　　　　　　No. 98-3009

JESSE JAMES VANDEBERG,
*Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of Ohio at Cincinnati.
No. 97-00046—S. Arthur Spiegel, District Judge.

Argued: September 22, 1999

Decided and Filed: January 14, 2000

Before: MERRITT and CLAY, Circuit Judges;
ALDRICH,[*] District Judge.

_____

[*] The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation.

1

———————————

**COUNSEL**

**ARGUED:** C. Ransom Hudson, OFFICE OF THE FEDERAL PUBLIC DEFENDER, SOUTHERN DISTRICT OF OHIO, Cincinnati, Ohio, for Appellant. Anne L. Porter, OFFICE OF THE U.S. ATTORNEY, Cincinnati, Ohio, for Appellee. **ON BRIEF:** C. Ransom Hudson, OFFICE OF THE FEDERAL PUBLIC DEFENDER, SOUTHERN DISTRICT OF OHIO, Cincinnati, Ohio, for Appellant. Anne L. Porter, OFFICE OF THE U.S. ATTORNEY, Cincinnati, Ohio, for Appellee.

———————————

**OPINION**

———————————

ALDRICH, District Judge. Defendant-Appellant Jesse James Vandeberg pled guilty to conspiracy to transport stolen property interstate, a violation of 18 U.S.C. § 371, and to interstate transportation of stolen property, a violation of 18 U.S.C. § 2314. Vandeberg appeals his sentence, arguing that the District Court erred by (1) applying a two-level enhancement to his base offense level pursuant to United States Sentencing Guideline § 3B1.1(c), and (2) failing to conduct a restitution hearing within 90 days of his sentencing date. For the reasons that follow, we conclude that the District Court's faulty restitution procedures amounted to harmless error, but that the decision to enhance Vandeberg's offense level was both erroneous and potentially harmful to his sentence. Accordingly, we REVERSE the District Court's decision to apply the § 3B1.1(c) enhancement and REMAND for resentencing.

**I.**

In early March of 1997, Joseph Tillema, one of Vandeberg's acquaintances, drove a pickup truck from Fort Myers, Florida to Cincinnati, Ohio in order to burglarize the

restitution order 60 days after the discovery of any additional losses. *See* 18 U.S.C. § 3664(d)(5). The MVRA permits amendments to restitution orders to reflect changed circumstances, and neither confers nor terminates a court's jurisdiction.

The only remaining issue is whether the District Court abused its discretion in setting the amount of restitution at $100,000. We conclude that it did not. The government, which had the burden to prove the amount of the victim's loss by a preponderance of the evidence, *see* 18 U.S.C. § 3664(e), produced evidence from the victim's insurance company demonstrating that the victim suffered over $165,000 in damages. At the restitution hearing, the probation officer testified to the propriety of that amount in light of the numerous stolen items that had not even been recovered. In turn, Vandeberg testified that the information his employer had given to the insurance company was not entirely accurate. It appears that the District Court took all of this evidence into account when exercising its discretion to establish the restitution amount. We cannot say that imposing $100,000 in restitution constituted an abuse of discretion.

**IV.**

We conclude that although the District Court failed to give Vandeberg an opportunity to object to a restitution order within 90 days after his sentencing hearing pursuant to 18 U.S.C. § 3664(d)(5), the error was harmless. We further conclude that the District Court's error in applying a two-level enhancement to Vandeberg's sentence pursuant to U.S.S.G. § 3B1.1(c) may not have been harmless; accordingly, we remand the case for further consideration of the length of the sentence of imprisonment.

hearing. The court should have clarified on the day of the hearing that it was deferring a final determination on the restitution issue for a particular period of time. Rather than deferring the issue as § 3664(d)(5) requires, the District Court ordered restitution in the amount of $13,162.89. The court evidently intended to keep the matter of restitution open for an additional 90 days, because approximately one week prior to the end of the 90-day statutory period, the District Court increased the amount of restitution to $165,428.41 based on additional information that the probation officer had submitted. *See Grimes*, 173 F.3d at 640 (district court erred by finalizing restitution order on sentencing date when some losses had not yet been ascertained). However, the District Court erred by unilaterally amending and finalizing the restitution order without affording the parties an opportunity to object within the 90-day period. Restitution is a part of one's sentence under the statutory scheme, and cannot be imposed without giving the defendant an opportunity to be heard.[6] *See* Fed. R. Crim. P. 32(c)(3).

Nonetheless, we conclude that the error was harmless. Although the District Court did not provide Vandeberg an opportunity to be heard within 90 days of the sentencing hearing, the court provided him ample opportunity to object to the amount thereafter. The court scheduled a number of conferences on the subject, and, ultimately, conducted an evidentiary hearing in which Vandeberg himself testified. Vandeberg's argument that the court lacked jurisdiction to take these actions after the 90-day period misses the mark. Section 3664(d)(5) is not a jurisdictional statute. Were we to read it as terminating a court's jurisdiction 90 days after a sentencing hearing, we would be effectively nullifying its provision that a victim may petition the court for an amended

---

[6] As discussed previously, this does not mean that a sentencing court is obligated to conduct an evidentiary hearing on the issue. While the merits of a hearing are readily apparent, the court may, for example, permit the parties to brief the amount of losses. *See* 18 U.S.C. § 3664 (conferring power on sentencing court to select method for assessing restitution amount).

house of Vandeberg's employer. Vandeberg had informed Tillema that his employer, a licensed gun dealer, would be staying at a second residence in Fort Myers, Florida during that time period. Based on his experience working as a handyman for the gun dealer, Vandeberg was able to provide information to Tillema regarding the location of the Cincinnati home, the home's alarm system, and the location of a safe containing valuable guns and jewelry.

After burglarizing the house, Tillema drove back to Florida and unloaded the majority of the stolen items into his apartment. He continued to drive around Fort Myers with the safe, which weighed approximately 1,000 pounds, in his truck. Vandeberg told Tillema that it was foolish to store the safe in his truck. Vandeberg rented a storage unit for the safe, and the two men placed the safe in the storage unit. By drilling a pattern of small holes in the wall of the safe, they were able to peel away a section of the safe's exterior and remove the safe's contents.

On March 30, 1997, Vandeberg and Tillema sold approximately forty of the stolen guns, as well as two diamond rings, at a gun show in Orlando, Florida. An individual who had purchased a number of the guns later contacted the burglary victim in response to reward posters that the victim had circulated. The individual informed the victim that he had purchased the guns from two men at the Orlando gun show. Federal agents contacted the organizers of the gun show and learned that Tillema had rented the booth in question. Vandeberg's signature also appeared on the documents pertaining to the booth rental. Both men were arrested. After Tillema's arrest, law enforcement officers seized approximately 90 guns and other items belonging to the victim from Tillema's apartment. However, a significant amount of the jewelry, cash, and weaponry was never recovered.

On May 21, 1997, a grand jury returned a seven-count indictment against both Vandeberg and Tillema. On July 31, 1997, pursuant to a written plea agreement, Vandeberg pled

guilty to the first two counts in the indictment: (1) conspiracy to transport stolen property interstate in violation of 18 U.S.C. § 371, and (2) interstate transportation of stolen property in violation of 18 U.S.C. § 2314. Thereafter, a probation officer prepared a Presentence Investigation Report (PSI), recommending that, pursuant to U.S.S.G. § 3B1.1(c), Vandeberg's offense level be increased by two points based on Vandeberg's role as an "organizer, leader, manager, or supervisor" of the criminal activity. The PSI further indicated that the burglary victim's home sustained $13,162.89 in structural damages, but that the total amount of the victim's losses had yet to be ascertained because numerous items were still missing. The probation officer stated that an amended restitution figure would be submitted to the court within 30 days. Vandeberg objected to the two-level § 3B1.1(c) enhancement; he also objected to the imposition of an amount of restitution that was not supported by adequate documentation. In response, the probation officer provided documentation to demonstrate that the victim's house sustained $13,162.89 in damages. The probation officer also submitted an addendum to the PSI, stating that the victim had been unable, as of that time, to gather additional documentation regarding the amount of his losses.

At a sentencing hearing on December 12, 1997, Vandeberg's counsel reiterated the defendant's objection to the § 3B1.1(c) enhancement. The government agreed with Vandeberg on this issue, indicating that "this is not a classic case . . . where he would be in a managerial position. At best, they were coconspirators." Despite the government's acquiescence in Vandeberg's position, the District Court summarily concluded "based on the preponderance of the evidence that the two-level enhancement is appropriate . . . the defense's objection will be denied." The District Court then sentenced Vandeberg to 140 months incarceration (20 months for conspiracy and 120 months for the substantive offense) and ordered him to pay restitution in the amount of $13,162.89.

not specifically mention the need for a hearing or any other kind of proceeding. Second, § 3664(d)(5) must be read in connection with the remaining provisions of the statute. Section 3664 affords a district court a number of procedural options in determining the proper amount of restitution,[5] and explicitly provides that a court "may require additional documentation *or* hear testimony." 18 U.S.C. § 3664(d)(4) (emphasis added); *see also Minneman*, 143 F.3d at 284-85 (summarizing procedural options under § 3664(d)(5)). While it is no doubt true that in many cases, a sentencing court will want to conduct a hearing to obtain relevant evidence and afford the parties an opportunity to present oral argument, § 3664(d)(5) does not mandate that such an evidentiary hearing must be conducted.

Section 3664(d)(5) does, however, require the sentencing court to resolve the restitution question--including any objections a defendant may have--within 90 days of the sentencing hearing. Although § 3664(d)(5) does not mention the defendant's right to object to the restitution portion of his sentence, § 3664(c) explicitly states that the provisions of Rule 32(c) of the Federal Rules of Criminal Procedure apply to the MVRA. *See* 18 U.S.C. § 3664(c). Rule 32(c), in turn, states that a court must afford parties an opportunity to be heard on any disputed sentencing issue. *See* Fed. R. Crim. P. 32(c)(1) and (3). This Circuit has consistently construed the requirements of Rule 32 in a strict manner, largely because the rule protects a defendant's right to due process. *See, e.g.*, *United States v. Hayes*, 171 F.3d 389, 392-93 (6th Cir. 1999) (district court's reliance on victim impact letters not disclosed to defendant constituted plain error).

The court below erred by failing to resolve the restitution amount, and by failing to give Vandeberg an opportunity to object to that amount, within 90 days after the sentencing

---

[5]Section 3664(d)(6), for example, permits a district court to refer a restitution dispute "to a magistrate judge or special master for proposed findings of fact and recommendations as to disposition, subject to a de novo determination of the issue by the court." 18 U.S.C. § 3664(d)(6).

If the victim's losses are not ascertainable by the date that is 10 days prior to sentencing, the attorney for the Government or the probation officer shall so inform the court, and the court shall set a date for the final determination of the victim's losses, not to exceed 90 days after sentencing.   If the victim subsequently discovers further losses, the victim shall have 60 days after discovery of those losses in which to petition the court for an amended restitution order.

18 U.S.C. § 3664(d)(5).  Vandeberg argues that this section unequivocally requires the district court to conduct a hearing on any undetermined restitution amount within 90 days of the sentencing date.  According to Vandeberg, once this 90-day period elapses, the sentencing court lacks jurisdiction to modify a restitution order.

This case presents the first opportunity for this Circuit to address the meaning of § 3664(d)(5).  The Seventh Circuit appears to be the only court that has interpreted this statute to date.  In *United States v. Grimes*, 173 F.3d 634 (7th Cir. 1999), the Seventh Circuit held that when victims' losses have not been ascertained by the time of sentencing, § 3664(d)(5) obligates a district court to "defer" entry of a restitution order for 90 days "to give the victims the benefit of the 90-day period." *Id.* at 640.  The Seventh Circuit is correct insofar as under the plain language of the statute, a district court "shall" establish a time by which to finalize the restitution issue that is not to exceed 90 days after the sentencing hearing. *See* 18 U.S.C. § 3664(d)(5).  Thus, when a victim's losses have not been ascertained by the time of the sentencing hearing, the court must inform the parties that it will postpone the entry of restitution until a specific date within the 90-day period.   *Id.*   Moreover, the court is statutorily obligated to resolve the restitution issue within 90 days of the sentencing hearing. *Id.*

Vandeberg argues that § 3664(d)(5) also requires a district court to conduct a restitution hearing within the 90-day period. This argument lacks merit. First, § 3664(d)(5) does

Vandeberg filed a timely notice of appeal on December 22, 1997.  On or about March 4, 1998--approximately 82 days after sentencing--the District Court issued an order modifying the restitution portion of Vandeberg's sentence. Indicating that the amount of the victim's losses had been ascertained, the court ordered Vandeberg to "immediately" pay restitution in the amount of $165,428.41.

On May 4, 1998, Vandeberg filed a motion with the District Court, requesting that a hearing be held on the restitution issue.[1]   The court granted the motion and, at a hearing in which the probation officer was unable to be present, the court instructed the parties to informally meet with the probation officer in an effort to resolve the matter.  A final restitution hearing was conducted on September 10, 1998. Vandeberg testified on his own behalf, disputing the accuracy of the insurance adjuster's report. Vandeberg stated that after the burglary, he had assisted his employer in completing the insurance forms; based on this assistance and his personal knowledge of the gun business, Vandeberg testified that the victim had exaggerated his losses to the insurance company. After considering this evidence as well as the testimony of the probation officer, the District Court decided to reduce the amount of restitution from $165,428.41 to $100,000.

## II.

Vandeberg claims that the District Court failed to make any factual findings to support the enhancement pursuant to U.S.S.G. § 3B1.1(c), and, furthermore, that the enhancement was inapplicable.

Whether a district court is required to make factual findings on the record is a question of law subject to de novo review. *See United States v. Burnette*, 981 F.2d 874, 877 (6th Cir. 1992).   In this case, the District Court agreed with the

---

[1]Vandeberg also asked this Court to stay his appeal pending resolution of the restitution issue in District Court.  This Court granted that motion.

probation officer and found that Vandeberg deserved a two-level enhancement as an organizer, leader, manager, or supervisor of criminal activity.   *See* U.S.S.G. § 3B1.1(c) (providing for two-level upward adjustment).  The District Court did not, however, articulate the factual bases for this conclusion.

This Circuit has decided that the failure to specify the factual basis for applying a § 3B1.1 enhancement "is not grounds for vacating the sentence."   *United States v. Alexander*, 59 F.3d 36, 39 (6th Cir. 1995).  The *Alexander* Court stated that "although not required under the Guidelines, it is preferable that trial courts indicate the factual basis for enhancing a defendant's sentence pursuant to   U.S.S.G. § 3B1.1."   *Id.*  A description of the factual basis for the enhancement is important because it provides the defendant an understanding of the enhancement and provides a meaningful basis for appellate review.  *Id.* at 39-40.

Vandeberg has not persuaded us that *Alexander* fails to control this case.  The cases Vandeberg cites in support of his position pertain to enhancements for obstruction of justice pursuant to U.S.S.G. § 3C1.1.  In the obstruction-of-justice context, both the United States Supreme Court and this Court have held that when a defendant objects to a § 3C1.1 enhancement, the trial court must "make independent findings necessary to establish a willful impediment to or obstruction of justice."   *United States v. Dunnigan*, 507 U.S. 87, 95 (1993); *see also Burnette*, 981 F.2d at 878 (trial court erred in applying § 3C1.1 enhancement absent specific finding that defendant had lied).  When a defendant faces a § 3C1.1 enhancement for perjury, for example, independent findings are necessary to assess whether the defendant possessed the willful intent to lie, and to ensure that the defendant does not receive the enhancement merely because he or she chose to testify in a trial that resulted in his or her conviction.  *See Dunnigan*, 507 U.S. at 95-97.  However, even under *Dunnigan* and its progeny, a trial court is not required to detail the factual bases for a § 3C1.1 enhancement; rather, it is sufficient for the court to make a finding that encompasses

18 U.S.C. §§ 3663A-3664.   Under the MVRA, which amended the Victim and Witness Protection Act of 1982, restitution is an important part of the sentencing process and, in many cases, a necessary component of a defendant's sentence.  The MVRA requires a defendant to pay restitution to identifiable victims who have suffered either physical injuries or pecuniary losses as a result of certain criminal offenses.   *See* 18 U.S.C. § 3663A(a)(1), § 3663A(c)(1). Specifically, restitution is mandatory--regardless of a defendant's financial situation--when a defendant is convicted of a crime of violence, an offense against property, or an offense related to tampering with consumer products.[3]  *See* 18 U.S.C. § 3663A(c)(1)(A); § 3664(f)(1)(A).    Neither Vandeberg nor the government disputes that the MVRA required Vandeberg to pay some sort of restitution to his employer.[4]

The dispute in this case regarding the legitimacy of the restitution order centers around certain procedures a district court may use under the MVRA.  Section 3664 delineates a panoply of procedures pertinent to the issuance and enforcement of restitution; the statute grants a district court discretion to choose the procedures that will best aid the court in assessing the amount of loss.  *Accord United States v. Minneman*, 143 F.3d 274, 284-85, *reh'g en banc denied* (7th Cir. 1998), *cert. denied*, 119 S.Ct. 1145 (1999) ("Notably, Congress left the choice of procedures to the discretion of the court.").  Section 3664(d)(5) states as follows:

---

[3]By disregarding the defendant's financial condition for restitution purposes, the MVRA permits full payment of restitution in the possible, but unlikely, event that a defendant might win a lottery or otherwise strike it rich after sentencing.

[4]In passing, Vandeberg references a provision of the MVRA which provides that the statute does not apply if the trial court finds that "determining complex issues of fact related to the cause or amount of the victim's losses would complicate or prolong the sentencing process" to an unduly burdensome degree.  18 U.S.C. § 3663A(c)(3)(B).  Vandeberg did not raise this argument below, so we do not consider it on appeal.

would be obliterated.  *See* U.S.S.G. § 3B1.1, Commentary, Background (enhancement primarily addresses relative responsibility).

Furthermore, we are unable to conclude that the District Court's error in applying the two-level enhancement was harmless.  Based on an offense level of 28 and a criminal history category of VI, Vandeberg's imprisonment range was 140-175 months.  Had  the District Court not applied the § 3B1.1(c) enhancement, Vandeberg's offense level would have been 26, and the corresponding sentencing range would have been 120-150 months.  Remand is appropriate unless the appellate court is convinced that the trial court "would have imposed the same sentence absent [its] misinterpretation of the guideline."  *United States v. Parrott*, 148 F.3d 629, 635 (6th Cir. 1998) (citing 18 U.S.C. § 3742(f)(1) and *Williams v. United States*, 503 U.S. 193, 203 (1992)).  Because we cannot conclude that the District Court would have imposed the same length of imprisonment if properly confronted with a different sentencing range, we vacate the enhancement and remand for reconsideration.  *Id.*

### III.

Vandeberg also claims that pursuant to 18 U.S.C. § 3664(d)(5), the District Court lacked authority to hold a hearing or modify the restitution portion of his sentence after 90 days had elapsed after the December 12, 1997 sentencing hearing.  Vandeberg further argues that any modification to restitution occurring within 90 days of the sentencing date must be accompanied by notice to the defendant and an opportunity to be heard.  Finally, he challenges the amount of restitution the District Court imposed.   Our review of restitution orders is "bifurcated."  *United States v. Guardino*, 972 F.2d 682, 686 (6th Cir. 1992).  That is, we review the propriety of ordering restitution in the first instance de novo, and we review the amount that was ordered under the abuse of discretion standard.  *Id.*

The District Court sentenced Vandeberg in accordance with the Mandatory Victims Restitution Act of 1996 ("MVRA"),

the appropriate predicates for the enhancement.  *See id.* at 95-96.

Vandeberg seems to be conflating the *obligation* of the trial court to decide a disputed sentencing issue with the *preference* for placing the factual reasons underlying that decision on the record.  *See* Fed. R. Crim. P. 32(c)(1) (for each controverted sentencing issue, court must make finding or determine that no finding is necessary); U.S.S.G. § 6A1.3(b) ("court shall resolve disputed sentencing factors at a sentencing hearing in accordance with Rule 32(c)(1)"); *Alexander*, 59 F.3d at 39 (not necessary, but preferable, that court articulate reasons for finding on record).  In this case, the District Court did, in fact, reject Vandeberg's argument that an enhancement pursuant § 3B1.1(c) was inapplicable. The court simply did not articulate the factual basis for that decision.  As previously discussed, the failure to articulate such a factual basis does not constitute reversible error. *Alexander*, 59 F.3d at 39.

While we reiterate the holding of *Alexander* in this regard, we emphasize the importance the *Alexander* panel placed on including the factual basis for a decision on the record.  *Id.* at 39-40.  It is especially "preferable," *id.* at 39, for a district court to articulate the precise reasons for applying a § 3B1.1 enhancement when, as in this case, the defendant pled guilty and the court lacked the advantage of having observed a trial. When a district court fails to articulate the factual basis for an enhancement, it either compels this Court to review the record de novo, or runs the risk that this Court will have to remand the case for insufficient findings and reasoning.  *See United States v. Gort-DiDonato*, 109 F.3d 318, 323 (6th Cir. 1997) (remand necessary when trial court failed to make appropriate findings regarding applicability of § 3B1.1 enhancement); *United States v. Leek*, 1996 WL 99811, 78 F.3d 585, at *8 (6th Cir. 1996) (unpublished) (remand for further findings ordinarily appropriate, but unnecessary when record failed to support § 3B1.1 enhancement); *Alexander*, 59 F.3d at 39 (failure to articulate factual basis for § 3B1.1 enhancement "essentially compels" de novo review).

Based on a thorough review of the record, we conclude that remand for further findings is unnecessary because the record clearly fails to support the imposition of a two-level enhancement pursuant to § 3B1.1(c).[2] This section provides for a two-level adjustment if the defendant was "an organizer, leader, manager, or supervisor" in any criminal activity that involved fewer than five people or that was otherwise not extensive. U.S.S.G. § 3B1.1(c). Application Note 2 provides as follows:

> To qualify for an adjustment under this section, the defendant must have been the organizer, leader, manager, or supervisor of one or more other participants. An upward departure may be warranted, however, in the case of a defendant who did not organize, lead, manage, or supervise another participant, but who nevertheless exercised management responsibility over the property, assets, or activities of a criminal organization.

U.S.S.G. § 3B1.1, Commentary, Application Note 2. In general, "a defendant must have exerted control over at least one individual within a criminal organization for the enhancement of § 3B1.1 to be warranted." *Gort-DiDonato*, 109 F.3d at 321 (footnote omitted). In determining whether a defendant qualifies as a leader, organizer, manager, or supervisor, a trial court should consider a number of factors, including but not limited to the defendant's exercise of decision-making authority, any recruitment of accomplices, "the claimed right to a larger share of the fruits of the crime," the degree of participation in planning the offense, and the

---

[2]If the District Court had explained the factual reasons for applying the § 3B1.1(c) enhancement, then we would have reviewed those factual findings for clear error, and reviewed de novo the District Court's legal conclusions regarding the application of the Sentencing Guidelines. *See, e.g.*, *United States v. Clay*, 117 F.3d 317, 320 (6th Cir.), *cert. denied*, 118 S.Ct. 395 (1997). Because the District Court failed to articulate the factual basis for the enhancement, we are compelled to conduct a de novo review of the record and determine whether the enhancement is applicable, or whether remand for further findings is required. *Accord Alexander*, 59 F.3d at 39.

degree of control the defendant exercised over others. U.S.S.G. § 3B1.1, Commentary, Application Note 4. The government bears the burden of proving that the enhancement applies by a preponderance of the evidence. *United States v. Martinez*, 181 F.3d 794, 797 (6th Cir. 1999).

The government failed to meet this burden in this case. Indeed, at the sentencing hearing, the Assistant United States Attorney agreed with Vandeberg that a § 3B1.1(c) enhancement did not apply. Although Vandeberg provided Tillema, his co-conspirator, information crucial to helping Tillema burglarize the house, there is no indication that Vandeberg either recruited Tillema or exercised any authority over him. *See id.* at 798-99 (§ 3B1.1(c) enhancement applicable when defendant recruited accomplices, supervised criminal activity, and exercised decision-making authority). Vandeberg neither claimed a right to a larger share of the fruits of the crime, nor took a leadership role in planning the details of the offense. Rather, it appears that Tillema initiated the criminal activity, exercised his own decision-making authority, and retained possession over many of the stolen items. In sum, there is insufficient evidence to show that, as Application Note 2 requires, Vandeberg either (1) organized, led, managed, or supervised Tillema, or (2) exercised any more "management responsibility over the property, assets, or activities" of the crime than did Tillema.

The government's reliance on the probation officer's reasoning--*i.e.*, that Vandeberg provided crucial information to Tillema and played an important role in the offense--is misplaced. Merely playing an essential role in the offense is not equivalent to exercising managerial control over other participants and/or the assets of a criminal enterprise. *See United States v. Albers*, 93 F.3d 1469, 1487 (10th Cir. 1996) (playing "important or essential role" in crime is insufficient to show that defendant deserves § 3B1.1 enhancement). Indeed, if key participation were sufficient to justify an enhancement pursuant to § 3B1.1, then both Vandeberg and Tillema would receive the enhancement, and the Guidelines' primary concern with addressing "relative responsibility"