

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-31-2002

# USA v. Igein

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-4495

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Igein" (2002). *2002 Decisions.* Paper 694.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/694

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 01-4495

_____

UNITED STATES OF AMERICA

v.

ABUDU JOHN IGEIN
aka
ABUD J. IGEIN
aka JOHN ABUDU IGEIN
aka JOHN IGEIN
aka JON IGEIN
aka JON IGEIN, JR.
aka JON R. IGEIN
aka JONATHAN ADE
aka ADEOLA ABRAHAM
aka JOHN IGEIN, JR.
aka JOHN IGEIN, SR.
aka JOHN J. IGEIN

Abudu John Igein,
                    Appellant

_____

Appeal from the United States District Court
For the District of New Jersey
D.C. No.:  99-cr-00655-1
District Judge: Honorable William G. Bassler

_____

Submitted Under Third Circuit LAR 34.1(a) October 16, 2002

Before: BECKER, Chief Judge, ROTH and ROSENN, Circuit Judges.

(Filed October 31, 2002 )

———————————

OPINION OF THE COURT
———————————

ROSENN, Circuit Judge.

The appellant, Abudu John Igein, and his co-defendant, Kehinde Musilu Ayinde, were indicted by a grand jury in the District of New Jersey on seventeen counts for conspiracy to commit mail, wire, and identification documentation fraud in connection with subsidized housing and with loan and credit applications, all contrary to 18 U.S.C. §§ 1028(a)(2), 1341 and 1343, all in violation of 18 U.S.C. § 371. They were also charged with various other acts of mail and wire fraud in violation of 18 U.S.C. §§ 1341 and 1343. Other counts alleged substantive conduct underlying the conspiracy charged in Count I.

On January 3, 2001, Igein pled guilty to the conspiracy charges in Count I and Counts III, VI and XII alleging the substantive charges of identification document fraud, mail fraud in connection with subsidized housing, and mail fraud in connection with a mortgage loan application. The District Court imposed concurrent sentences of imprisonment of 37 months on each count, along with restitution in the amount of $411,527 and a special assessment of $400.

At sentencing, they stipulated in a plea agreement to a loss amount of between $500,000 to $1.5 million. All parties agreed to the applicability of a two-point adjustment for more than minimum planning and a 3-point downward adjustment for acceptance of responsibility. The only dispute was whether Igein should receive a 2-point level

2

enhancement pursuant to U.S.S.G. § 3B1.1(c) because he supervised Ayinde. The Government and the Probation Department recommended this enhancement, making the offense level 18, with a sentencing range of 30-34 months. The defense argued, however, that the enhancement was inappropriate here because, although Igein was a workplace supervisor and the owner of the business, he did not play a supervisory role over Ayinde in the criminal conspiracy. The court adopted the Government's analysis, found the supervisory enhancement did apply, and set the sentencing level at 18.

The only issue on appeal is whether the District Court erred in applying to Igein a leadership enhancement adjustment of two levels pursuant to U.S.S.G. § 3B1.1(c) as an organizer, leader, manager, or supervisor.

Because the facts are well known to the parties, we only refer to them briefly. Igein contends that the Government produced no evidence, other than the claims of the co-defendant himself, that Igein acted as a supervisor regarding the printing of the documents. He also contends that the witnesses relied upon by the Government to show supervisory activity were not reliable. After hearing some of the witnesses produced by the Government, the District Court concluded that the various versions would support a finding of a leadership role by a preponderance of the evidence and permit it to "draw a very strong inference that Mr. Igein qualifies for the aggravating role adjustment; and I so conclude."

A leadership enhancement under the Guidelines requires a showing that the defendant exercised supervisory control over another participant in the scheme. See United States v. Lalley, 257 F.3d 751 (8th Cir. 2001); United States v. Vandeberg, 201 F.3d

3

805 (6th Cir. 2000). Merely playing an essential role in events as a business owner who could verify employment with the business, is not equivalent to exercising managerial control over other participants.

The two defendants created various types of fraudulent documents at the business, including identification documents, pay stubs, letters regarding employment and income, W-2 forms, tax returns, bank statements, academic records, and other documents for various criminal purposes. They also completed employment verification forms for managing agents of federally subsidized housing, stating falsely that the individual was employed at the defendant's electronics business. Both men also used phony documents they generated to be applied for mortgages and/or credit cards for themselves.

The District Court considered the testimony of the two cooperating witnesses who testified at the trial, and although they obtained fraudulent documents from both the defendant and Ayinde, the defendant was in charge of the criminal enterprise at Power Electronics, their place of business. There was testimony about the activities of the defendant which demonstrated that he was in control and supervised Ayinde. Besides, ample testimony showed, as the Government pointed out, that the defendant began his criminal activity before he hired Ayinde and then trained him in the fraudulent business in which he was engaged. Sufficient evidence supported the District Court's finding that Igein exercised supervisory control over Ayinde.

Accordingly, the judgment of conviction and sentence is affirmed.

4

_____

TO THE CLERK:

Please file the foregoing opinion.

/s/ Max Rosenn

Circuit Judge
