**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Ali ANSARI, also known as Jeffrey E. Allen, Defendant–Appellant.**

No. 03–6047.

United States Court of Appeals, Sixth Circuit.

June 10, 2004.

Charles P. Wisdom, Jr., Thomas L. Self, John Patrick Grant, Asst. U.S. Attorney, U.S. Attorney's Office, Lexington, KY, for Plaintiff–Appellee.

John Kevin West, McCoy, West, Franklin & Beal, Lexington, KY, for Defendant–Appellant.

Before: KEITH, CLAY, and GIBBONS, Circuit Judges.

*ORDER*

Ali Ansari appeals his sentence of imprisonment. The government expressly waives oral argument. Ansari defers to the court's discretion with regard to whether oral argument would assist the court in rendering a decision. Upon exam-

ination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Ansari pleaded guilty to conspiring to utter and possess counterfeit securities in violation of 18 U.S.C. § 371. A presentence investigation report was prepared in contemplation of sentencing that called for a two-point upward adjustment in Ansari's offense level pursuant to USSG § 3B1.1(c) for his role as an organizer or leader in the instant offense. Ansari objected to the two-point enhancement. The district court overruled Ansari's objection and sentenced him to thirty months of imprisonment and three years of supervised release.

On appeal, Ansari contends that the district court erred in finding him to be an organizer or leader and erred in enhancing his offense level by two levels because of his role in the conspiracy.

This court reviews a district court's factual findings underlying a sentencing decision for clear error and gives due deference to the district court's application of a sentencing guideline to a factual situation. *United States v. Ennenga,* 263 F.3d 499, 502 (6th Cir.2001) (citing *Buford v. United States,* 532 U.S. 59, 66, 121 S.Ct. 1276, 149 L.Ed.2d 197 (2001)). The court conducts a de novo review where a matter presents strictly a question of law concerning the application of the guidelines. *See United States v. Canestraro,* 282 F.3d 427, 431 (6th Cir.2002). However, the more fact-bound the application inquiry, the more deferential the standard of review. *See United States v. Jackson–Randolph,* 282 F.3d 369, 389 (6th Cir.2002); *United States v. Humphrey,* 279 F.3d 372, 379 n. 4 (6th Cir.2002). We note that the Supreme Court's decision in *Buford* has created some ambiguity as to the proper standard of review in evaluating a district court's imposition of a USSG § 3B1.1 enhancement. *See United States v. Solorio,* 337

F.3d 580, 600 (6th Cir.), *cert. denied,* —— U.S. ——, 124 S.Ct. 850, 157 L.Ed.2d 723 *and* —— U.S. ——, 124 S.Ct. 857, 157 L.Ed.2d 730 (2003). As in *Solorio,* we need not resolve the issue because we affirm the district court's judgment even under the least deferential standard.

The Sentencing Guidelines provide, in relevant part, for a two-level enhancement in a defendant's offense level if the defendant was an organizer, leader, manager, or supervisor in any criminal activity that involved one or more, but less than five other participants. USSG § 3B1.1(c), comment. (n.2). Application note 1 describes a participant as a person who is criminally responsible for the commission of the offense, but need not have been convicted. USSG § 3B1.1, comment. (n.1). Factors the court should consider include the exercise of decision-making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity and the degree of control and authority exercised over others. USSG § 3B1.1, comment. (n.4); *United States v. Vandeberg,* 201 F.3d 805, 811 (6th Cir.2000).

The district court was correct in its judgment that Ansari's sentence should be enhanced by two levels under § 3B1.1(c) because he organized the documents necessary to carry out the counterfeiting scheme, recruited, led and/or supervised another person, Wayne Ellis, in the scheme, and claimed a larger share of the proceeds. Ansari obtained a check of Kentucky Uniforms, Inc. and had several counterfeit checks printed. Thus, he was the sole participant in initiating the offense. Ansari recruited Ellis to help him cash the counterfeit checks. *See United*

*States v. Feinman,* 930 F.2d 495, 500 (6th Cir.1991). Ansari gave Ellis a birth certificate and a Social Security card in the name of Erwin Corlew and instructed Ellis to obtain a false identification card. Ansari gave Ellis the counterfeit checks to cash. Had Ansari and Ellis been successful, Ansari would have received $3,237,30, and Ellis would have received only $2,482.61. Thus, Ansari was the organizer of this offense because he supervised at least one person in a conspiracy to cash counterfeit checks.

Accordingly, we affirm the district court's judgment.