**NOT RECOMMENDED FOR PUBLICATION**
File Name: 08a0599n.06
Filed: October 3, 2008

**No. 06-4312**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| | ) | THE NORTHERN DISTRICT OF |
| BRIAN GARRETT, | ) | OHIO |
| | ) | |
| Defendant-Appellant. | ) | |

Before: SILER, BATCHELDER, and ROGERS, Circuit Judges.

**SILER**, Circuit Judge. Defendant Brian Garrett challenges his 240-month sentence entered on remand. He argues the district court erred in finding a three-level enhancement for his role in the offense, that the 100:1 ratio of cocaine base to powder cocaine constitutes cruel and unusual punishment, that the district court ignored the 18 U.S.C. § 3553 factors, and that the district court erred in finding a base offense level of 36. We **AFFIRM**.

**I. BACKGROUND**

In 2002, Garrett and nine co-defendants were indicted for conspiracy to distribute and possess with intent to distribute cocaine, cocaine base, and marijuana. The jury found Garrett guilty and made a special finding that he was involved with five or more kilograms of cocaine and 50 or more grams of cocaine base.

The Presentence Investigation Report (PSI) recommended a base offense level of 38. It also recommended adding one level pursuant to USSG § 2D1.2 for selling drugs within 1,000 yards of a school, and adding four levels pursuant to USSG § 3B1.1(a) because Garrett was an organizer or leader.

At the original sentencing, the district court found Garrett had a base offense level of 38. The court increased the base offense level by one level pursuant to § 2D1.1(a)(3) and by three levels pursuant to § 3B1.1(b) because Garrett was a manager or supervisor, but it failed to make specific findings supporting this enhancement. It determined Garrett's sentencing range to be 360 months' imprisonment to life imprisonment, and sentenced Garrett to 349 months' imprisonment after subtracting 11 months for time served.

On appeal, this court affirmed Garrett's conviction but vacated his sentence and remanded for resentencing. *United States v. Martinez*, 430 F.3d 317, 340-41 (6th Cir. 2005). We ruled that a level could not be added to Garrett's offense level pursuant to USSG § 2D1.2 without a conviction under 21 U.S.C. § 860, and that the trial court increased Garrett's offense level based on higher drug quantities than were found by the jury. *Id.* at 341.

At the 2006 resentencing, Garrett argued that a base offense level of 32 was appropriate. Garrett also asked the court to adopt a 10:1 cocaine base to cocaine ratio rather than the 100:1 ratio recommended by the 2006 Guidelines. The court found "that the drug quantities set forth in the [PSI] justify a determination of a level 36." It increased Garrett's offense level by three levels pursuant to § 3B1.1(b), again without making specific findings supporting the enhancement. It found a total offense level of 42, which resulted in a Guidelines range of 262 to 327 months'

imprisonment. It sentenced Garrett to 240 months' imprisonment, which included a credit for 11 months served in state custody for a related crime.

## II. DISCUSSION

### A. The District Court's Finding of a Three-Level Enhancement

At neither sentencing did the district court articulate specific findings in support of the USSG § 3B1.1(b) enhancement. However, "the failure to specify the factual basis for applying a § 3B1.1 enhancement 'is not grounds for vacating the sentence.'" *United States v. Vandeberg*, 201 F.3d 805, 809-10 (6th Cir. 2000) (quoting *United States v. Alexander*, 59 F.3d 36, 39 (6th Cir. 1995)). When the district court fails to make factual findings, we review de novo the decision to apply the enhancement, *id.* at 810-11 & n.2, and affirm if the enhancement is supported by a preponderance of the evidence, *United States v. Dupree*, 323 F.3d 480, 491 (6th Cir. 2003).

There is no question that the criminal activity involved at least five people. The record indicates that Garrett had a role in planning and orchestrating the Sandusky-based portion of the conspiracy by procuring large quantities of cocaine from Toledo and Detroit and importing it to Sandusky. Garrett brought other Sandusky-based dealers to his suppliers and ensured that those interested in joining the conspiracy were able to do so. Garrett "exercised management responsibility over the property . . . of [the] criminal organization." USSG § 3B1.1 cmt., n.2. He made the decision to sell half of the cocaine in powder form and to "cook" the other half into cocaine base, which he did himself. Thus, the evidence supports the district court's conclusion that Garrett was a manager or supervisor.

### B. Cruel and Unusual Punishment Claim

Garrett argues the 100:1 cocaine base/cocaine ratio embodied in 21 U.S.C. § 841(b)(1)(B)(ii) constitutes cruel and unusual punishment. This court has considered and rejected this argument. *See, e.g.*, *United States v. Washington*, 127 F.3d 510, 516 (6th Cir. 1997); *United States v. Smith*, 73 F.3d 1414, 1417-18 (6th Cir. 1996). These published opinions are controlling, and we therefore reject that claim.

## C. The 18 U.S.C. § 3553 Factors

Garrett argues his sentence is unreasonable because the district court failed to address his sentencing memorandum and the factors set forth in 18 U.S.C. § 3553. The district court considered the Guidelines' range – indeed, it sentenced below that range, considered the factors set forth in § 3553, explained its reasoning sufficiently to allow for appellate review, and "set forth enough facts to satisfy this court that it considered the parties' arguments and had a reasoned basis for exercising its own legal decision-making authority." *United States v. Vowell*, 516 F.3d 503, 510 (6th Cir. 2008). There was no error.

## D. The District Court's Drug-Quantity Determination

A district court's drug-quantity determination is a factual finding reviewed under the clearly erroneous standard. *United States v. Jeross*, 521 F.3d 562, 570 (6th Cir. 2008). There is no requirement that the district court's determination be exact, but a preponderance of the evidence must support the conclusion. *Id.* The district court found Garrett's base offense level was 36. Under the 2006 Guidelines, a base offense level of 36 correlates to at least 50 kilograms but less that 150 kilograms of cocaine and at least 500 grams but less than 1.5 kilograms of cocaine base. *See* USSG § 2D1.1 (2006). The district court based its drug-quantity determination at least in part on the

cocaine base Garrett possessed or distributed. A preponderance of the evidence supports the conclusion that Garrett acquired at least 500 grams of cocaine base. Eddie Thomas testified that he sold between 20 and 40 kilograms of cocaine to Garrett, half of which Garrett cooked into cocaine base. Terrence Chapman testified that he sold Garrett between 15 and 20 kilograms of cocaine, half of which Garrett cooked into cocaine base. Shawn Gray testified that he and Garrett purchased between 50 and 60 kilograms of cocaine, half of which was cooked into cocaine base.

Garrett's chief complaint is that the court's drug-quantity determination is based on witness approximations. However, "'[a]pproximations are completely appropriate.'" *Jeross*, 521 F.3d at 570 (quoting *United States v. Hernandez*, 227 F.3d 686, 699 (6th Cir. 2000)). And the court explicitly found the testimony reliable because of its consistency. Thus, a conservative estimate based on the testimony supports the court's determination that Garrett was involved with at least 500 grams of cocaine base. *See Hernandez*, 227 F.3d at 699 (holding approximations are appropriate "as long as they err on the side of caution"). Half of 20 kilograms – the low end of Thomas' estimation – and half of 15 kilograms – the low end of Chatman's estimation – equals 17.5 kilograms of cocaine base. Accordingly, the court's drug-quantity determination is not clearly erroneous.[1]

**AFFIRMED.**

---

[1] Although we find no error in the district court's actions, Johnson may still move the district court to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on the retroactive amendment to the Guidelines that reduces penalties for crack cocaine offenses. *See* USSG § 1B1.10 (2008).

No. 06-4312
United States v. Garrett, 06-4312