NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name:  14a0809n.06

No. 13-4017

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

Oct 24, 2014
DEBORAH S. HUNT, Clerk

UNITED STATES OF AMERICA,   )
            )
  Plaintiff-Appellee,    )
            ) ON APPEAL FROM THE UNITED
v.            ) STATES DISTRICT COURT FOR
            ) THE SOUTHERN DISTRICT OF
ISHMAEL BAHENA-FIGUEROA,   ) OHIO
            )
  Defendant-Appellant.   )

BEFORE:  BOGGS and COOK, Circuit Judges; QUIST, District Judge.*

PER CURIAM.  Ishmael Bahena-Figueroa, a federal prisoner, appeals the 135-month sentence of imprisonment imposed following his 2013 guilty plea to a charge of conspiring to possess with intent to distribute more than one kilogram of heroin.

The statutory mandatory-minimum sentence for this offense is 120 months.  The presentence report arrived at a Guidelines range of 262 to 327 months.  The government moved for a two-level reduction in the offense level, resulting in a Guidelines range of 210 to 262 months.  The district court rejected Bahena-Figueroa's argument that he should not be given a two-level increase for a leadership role under USSG § 3B1.1(c).  The parties however agreed that a downward variance to 135 months would be appropriate in light of the sentence contemplated by the plea agreement.  The district court adopted this suggestion.

---

*The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation.

On appeal, Bahena-Figueroa's sole argument is that the court erred in assessing the two-point enhancement for a leadership role. We review a criminal sentence under an abuse-of-discretion standard for procedural and substantive reasonableness. *United States v. Bolds*, 511 F.3d 568, 578 (6th Cir. 2007). Although this court has traditionally reviewed the imposition of a sentencing enhancement for clear error in the factual findings and de novo on legal conclusions, *see United States v. McDaniel*, 398 F.3d 540, 551 n.10 (6th Cir. 2005), we recently held, in light of developing Supreme Court precedent, that such decisions are subject to deferential review, *see United States v. Washington*, 715 F.3d 975, 983 (6th Cir. 2013). Under either standard of review, Bahena-Figueroa cannot prevail.

Section 3B1.1 of the Sentencing Guidelines provides for a 2-, 3-, or 4-level enhancement to the offense level for defendants who are determined to be organizers, leaders, managers, or supervisors in a criminal activity. The statements of Bahena-Figueroa's co-defendants all indicated that Bahena-Figueroa instructed them on where to sell the heroin and to whom to send the proceeds. Bahena-Figueroa argues that he was merely passing on information from higher-ups in Mexico. He argues that his situation is similar to that of the defendant in *United States v. Vandeberg*, 201 F.3d 805, 811 (6th Cir. 2000). Vandeberg provided information to a burglar about a victim's house, schedule, and security system but did not take a leadership role in planning the details of the offense. *Id*. at 807, 811. Bahena-Figueroa, however, instructed the other members of the conspiracy how to dispose of the drugs and drug proceeds. The district court concluded that he was essentially a "local manager" o,f the conspiracy. We defer to this finding, which correctly applies the law and is not based on clearly erroneous findings of fact.

Moreover, given that the district court granted a downward variance nearly to the mandatory minimum sentence, Bahena-Figueroa cannot meet the heavy burden required to

demonstrate that his sentence is substantively unreasonable. *See United States v. Curry*, 536 F.3d 571, 573 (6th Cir. 2008). Accordingly, we affirm the district court's judgment.