NOT RECOMMENDED FOR PUBLICATION
File Name: 19a0512n.06

No. 18-1891

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Oct 11, 2019
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) | |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN |
| JOSEPH JAMES ROE, | ) ) | |
| Defendant-Appellant. | ) ) | |

BEFORE: MOORE, McKEAGUE, and GRIFFIN, Circuit Judges.

GRIFFIN, Circuit Judge.

In this criminal sentencing appeal, defendant Joseph James Roe claims the district court erred in applying U.S.S.G. § 3B1.1(a)'s four-level "organizer or leader" enhancement and in imposing a below-Guidelines sentence. We affirm.

I.

As part of a multiple-defendant criminal conspiracy, Roe obtained and distributed nearly 20,000 prescription narcotics in Michigan, Kentucky, and Tennessee. The scheme was straightforward. Dr. Mark Buzzard unscrupulously used his opiate-addiction clinic in suburban Detroit to facilitate the distribution of controlled substances to the illegal market. Defendant played a key role in ensuring the drugs transitioned from pharmacies to the streets—he arranged transportation for the "patients" to Dr. Buzzard's clinic, provided money to cover their costs associated with their visits, and supplied urine samples to make sure they qualified as "patients"

in need of certain prescription drugs. The "patients" would then sell all or a portion of their prescriptions to Roe, who would arrange for their distribution—mostly in Tennessee where the drugs were sold for substantial profit. Aided by a concerned pharmacist who reported Dr. Buzzard's extraordinary prescription practice, the Drug Enforcement Agency discovered and dismantled the scheme.

A grand jury indicted seven individuals on various drug trafficking charges for their respective roles in the conspiracy, including Dr. Buzzard and Roe. Defendant pleaded guilty to conspiracy to possess with intent to distribute and to distribute controlled substances in violation of 21 U.S.C. § 846, and the government agreed to dismiss his other charges. The presentence report recommended classifying defendant as an organizer or leader under U.S.S.G. § 3B1.1(a), thus increasing his offense level by four. Over Roe's objection, the district court adopted this recommendation, and calculated his Guidelines range as 235 to 240 months. It then varied downward and imposed a 144-month sentence. Roe appeals, objecting to the 3B1.1(a) enhancement and claiming his sentence is substantively unreasonable.

II.

Section 3B1.1(a) of the Sentencing Guidelines increases by four a defendant's offense level if "the defendant was an organizer or leader of a criminal activity that involved five or more participants." The government must establish this adjustment applies by a preponderance of the evidence. *United States v. Mack*, 808 F.3d 1074, 1085 (6th Cir. 2015). We review a district court's factual findings for clear error, and its legal conclusion that a person was an organizer or leader under Section 3B1.1 deferentially. *United States v. Washington*, 715 F.3d 975, 983 (6th Cir. 2013).

We have repeatedly held that "[i]n general, a defendant must have exerted control over at least one individual within a criminal organization for the enhancement of § 3B1.1 to be

warranted." *United States v. Vandeberg*, 201 F.3d 805, 811 (6th Cir. 2000) (internal quotation marks omitted); *see also United States v. Baker*, 559 F.3d 443, 449 (6th Cir. 2009). To decide whether a defendant was an "organizer or leader," the Guidelines direct district courts to consider a number of factors, including "the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others." § 3B1.1 cmt. n.4. "A district court need not find each factor in order to warrant an enhancement." *United States v. Castilla–Lugo*, 699 F.3d 454, 460 (6th Cir. 2012).

Ample evidence supports the district court's application of the 3B1.1(a) enhancement. Not only did Roe make sure that Dr. Buzzard's "patients" had access to the clinic (both physically and monetarily), he then bought their prescriptions, and supervised the interstate distribution of their prescribed narcotics. As the district court appropriately observed, "this was an extensive ongoing large scale opioid pill mill. . . . [Roe] was the central figure in it and had the connection between patients, pills, transportation, [and sales]." Because he "organiz[ed] key features of the conspiracy and direct[ed] the actions of his coconspirators," *United States v. Sierra-Villegas*, 774 F.3d 1093, 1101 (6th Cir. 2014), we accord the district court's conclusion the deference it deserves.

To his credit, Roe conceded below that he played a significant role in the conspiracy. Yet he argues the district court erred because without Dr. Buzzard prescribing the drugs in the first instance, the conspiracy would not have succeeded. That may be true, but as we have noted in another pill mill case, this I-was-culpable-but-not-as-culpable argument is inconsistent with 3B1.1's language. "[T]here can, of course, be more than one person who qualifies as a leader or organizer of a criminal conspiracy. Although [other defendants] all played important roles in the

operation, that does not exonerate [him] from a sentencing enhancement premised on *[his]* leadership actions." *United States v. Sadler*, 750 F.3d 585, 594 (6th Cir. 2014) (internal quotation marks and some alterations omitted); *cf. United States v. Sexton*, 894 F.3d 787, 796 (6th Cir. 2018) ("That [a co-defendant] may have been the actual brains behind the operation . . . does not preclude [the defendant] from being a leader when there is sufficient other evidence of [his] leadership role.").

Thus, we find no reversible error in the district court's application of the 3B1.1(a) sentencing enhancement.

III.

We "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 51 (2007). A district court imposes a substantively unreasonable sentence by "selecting the sentence arbitrarily, basing the sentence on impermissible factors, failing to consider pertinent § 3553(a) factors, or giving an unreasonable amount of weight to any pertinent factor." *United States v. Webb*, 403 F.3d 373, 385 (6th Cir. 2005) (footnotes omitted). A sentence within the Guidelines range is entitled to a presumption of reasonableness and where, as here, a below-Guidelines sentence is imposed, "simple logic compels the conclusion that . . . defendant's task of persuading us that the more lenient sentence . . . is unreasonably long is even more demanding." *United States v. Curry*, 536 F.3d 571, 573 (6th Cir. 2008).

Roe has not satisfied this "heavy burden." *United States v. Greco*, 734 F.3d 441, 450 (6th Cir. 2013). The district court carefully considered the § 3553(a) factors, mentioning several aspects of Roe's circumstances that justified a significant sentence for a "terribly serious offense." This includes Roe's pivotal role in distributing the prescription drugs and involving his own son

in the conspiracy, as well as his repeated parole violations, and extensive criminal history. Yet the district court acknowledged—and gave significant weight to—Roe's own personal struggles with addiction and his family obligations and granted him a "profound downward variance from 20 years to 12 years."

Defendant faults the district court for not going further. In his view, the district court should have imposed a sentence that was less than Dr. Buzzard's 72-month sentence. After all, Dr. Buzzard, in Roe's view, was "by far the most culpable defendant in this case"—he prescribed more than two million dosages of controlled substances, was better educated, willfully violated his professional obligations, and did not struggle with addiction. But nothing in § 3553(a) requires a district court to consider sentencing disparities among coconspirators. *Id.* at 450–51. And even if the district court was required to do so, it rationally differentiated between the two given the extensive differences in their "range of culpability" and "a range of criminal histories that . . . are tremendously important in the factors of deterrence and protecting the public."

Considering the totality of the circumstances, including the Guidelines, the § 3553(a) factors, the nature of the offense, and Roe's background, the district court did not abuse its discretion in imposing a below-Guidelines sentence of 144-months.

IV.

For these reasons, we affirm the district court's judgment.