NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0002n.06

Case No. 20-4299

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED**<br>Jan 03, 2022<br>DEBORAH S. HUNT, Clerk |
|  | ) |  |
| Plaintiff-Appellee, | ) |  |
|  | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
|  | ) | COURT FOR THE SOUTHERN |
|  | ) | DISTRICT OF OHIO |
| SOLOMON KIROS GEBRETEKLE, | ) |  |
|  | ) |  |
| Defendant-Appellant. | ) | O P I N I O N |
|  | ) |  |

BEFORE:    COLE, LARSEN, and MURPHY, Circuit Judges.

COLE, Circuit Judge. Solomon Gebretekle pleaded guilty to one count of conspiring to distribute and possess with intent to distribute methamphetamine and a substance containing a detectable amount of heroin in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), (b)(1)(B)(i), and 846, and one count of possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii). Gebretekle now appeals his 200-month sentence, arguing that the district court erred in applying a two-level increase for possession of a dangerous weapon during a drug offense under U.S.S.G. § 2D1.1(b)(1) and a two-level increase for Gebretekle's aggravating role in the offense under U.S.S.G. § 3B1.1(c). Because the district court did not clearly err when applying these enhancements, we affirm.

## I. BACKGROUND

### A. Factual Background

On January 18, 2019, a warrant was issued for Solomon Gebretekle's arrest following a criminal complaint which alleged he had possessed a loaded firearm at a Columbus, Ohio nightclub. Gebretekle was arrested and detained in Franklin County on these charges on January 22, 2019. In February 2019, the Charleston, West Virginia office of the Drug Enforcement Administration ("DEA") contacted the Columbus DEA office as well as the Franklin County Sheriff's Office with concerns that Gebretekle was involved in a drug-trafficking conspiracy along with a woman named Brandy Hodge. The DEA began to record jail calls between Gebretekle and Hodge.

Agents overheard Gebretekle instruct Hodge to maintain Gebretekle's established connections and speak with customers in West Virginia. Hodge and Gebretekle discussed "quantities of narcotics, price of narcotics, meeting sources of supplies for narcotics purchases, payment and allocation of drug proceeds, and the ultimate distribution of methamphetamine and heroin from Columbus, Ohio to drug seekers in . . . West Virginia." (Statement of Facts, R. 66-1, PageID 186.) The DEA began to conduct controlled purchases from Hodge and discovered that Gebretekle not only advised Hodge while incarcerated, but also actively participated in drug-trafficking transactions. On more than one occasion, Hodge would set up a drug transaction and hand the phone to Gebretekle so he could speak with customers about the transaction and payment.

The investigation also revealed that from as early as October 2018, Gebretekle and another member of the conspiracy, D'Alfonza Mikell, transported narcotics from Ohio for sale in West Virginia. Confidential informants also relayed information to the DEA that Mikell was an "enforcer" who carried a firearm. On January 10, 2019, based on a tip from these informants, Gebretekle and Mikell were stopped by police while driving from West Virginia. When officers

searched the vehicle they found methamphetamine, heroin, cash, and a gun under the passenger seat where Mikell sat. The two were arrested and Gebretekle was released the next day.

As a result of this investigation, two superseding indictments were filed against Gebretekle, adding additional drug-trafficking charges and details of the alleged conspiracy. In March 2020, Gebretekle pleaded guilty pursuant to a plea agreement to two of the twelve counts charged in the second superseding indictment: Count Two, which charged him with conspiracy to distribute and possess with intent to distribute methamphetamine and a substance containing a detectable amount of heroin in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A)(viii) and (b)(1)(B)(i), and Count Six, which charged him with possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii).

The U.S. Probation and Pretrial Services Office then prepared a Presentence Investigation Report ("PSR"), which calculated Gebretekle's sentencing guidelines range at 235 to 293 months, based on a criminal history category VI and an offense level of 33. The offense level included a two-level enhancement for possession of a firearm in furtherance of a drug-trafficking offense because—although Gebretekle did not personally possess a gun—it was not clearly improbable that the gun found under Mikell's seat was connected to the offense. *See* U.S.S.G. § 2D1.1 cmt. n.11(A). The PSR also recommended applying a two-level enhancement for an aggravated role in the conspiracy, because Gebretekle controlled all aspects of Brandy Hodge's role from jail. *See id.* § 3B1.1(c) & cmt. n.2.

The district court, over Gebretekle's objection, applied the enhancements. The court found that Gebretekle would have known that Mikell was an enforcer who was known to carry a gun when he chose to travel with Mikell on January 10, 2019. Accordingly, Gebretekle knew there was a reasonable possibility Mikell would be armed. The court also found that Gebretekle's

direction of Hodge to seek out his former customers and "convey threats and/or bring back money" rendered the enhancement for a managerial role applicable.

Gebretekle timely appealed.

## II. ANALYSIS

In reviewing a district court's application of the Sentencing Guidelines, we "accept the findings of fact of the district court unless they are clearly erroneous.'" *United States v. Moon*, 513 F.3d 527, 539 (6th Cir. 2008) (citation omitted). "Clear error will be found only when the reviewing court is left with the definite and firm conviction that a mistake has been committed." *Max Trucking, LLC v. Liberty Mut. Ins. Corp.*, 802 F.3d 793, 808 (6th Cir. 2015). "We review a district court's legal conclusions regarding the Sentencing Guidelines *de novo*." *Moon*, 513 F.3d at 540.

### A. Possession of a Dangerous Weapon During a Drug Offense

The Guidelines provide that a defendant's base offense level is increased by two where "a dangerous weapon (including a firearm) was possessed" during a drug offense. U.S.S.G. § 2D1.1(b)(1). "[T]he government has the burden of showing by a preponderance of the evidence that (1) the defendant actually or constructively possessed the weapon, and (2) such possession was during the commission of the offense." *United States v. Barron*, 940 F.3d 903, 911 (6th Cir. 2019) (alteration in original) (quotation omitted).

Constructive possession may be found where a coconspirator, rather than the defendant, possessed the weapon if the government demonstrates by a preponderance of the evidence "that it was reasonably foreseeable to a defendant that a co-conspirator would possess a firearm." *Id.* (quotation omitted). Gebretekle "need not have actually known about the weapon, as reasonable foreseeability is an objective test." *United States v. Catalan*, 499 F.3d 604, 607 (6th Cir. 2007).

Once possession is established, the burden shifts to Gebretekle "to show that it was 'clearly improbable' that the weapon was connected to the offense." *Id.* at 606 (citation omitted).

Here, the record supports the district court's application of the enhancement, so we are not left with a definite and firm conviction that a mistake has been made. The PSR indicated—and Gebretekle did not dispute—that Mikell was an active participant in a drug conspiracy with Gebretekle and acted as an "enforcer" who carried a gun during drug transactions where he was present. *See* Fed. R. Crim. P. 32(i)(3)(A) (providing that a court "may accept any undisputed portion of the presentence report as a finding of fact"). The gun was found near narcotics and cash in Gebretekle's car that he was driving away from a meeting with a confidential informant. Therefore, the district court did not clearly err in finding that Gebretekle could reasonably foresee that Mikell would be armed. Given that Gebretekle made no argument that the weapon was not connected to the offense, the enhancement was not improperly applied.

## B. Aggravating Role

The Guidelines provide for a two-level increase in a defendant's offense level where the government proves, by a preponderance of the evidence, that "the defendant was 'an organizer, leader, manager, or supervisor' in any criminal activity that involved fewer than five people or that was otherwise not extensive." *United States v. Vandeberg*, 201 F.3d 805, 811 (6th Cir. 2000) (quoting U.S.S.G. § 3B1.1(c)). Factors that weigh in favor of this enhancement include "the defendant's exercise of decision-making authority, any recruitment of accomplices, 'the claimed right to a larger share of the fruits of the crime,' the degree of participation in planning the offense, and the degree of control the defendant exercised over others." *Id.* (quoting U.S.S.G. § 3B1.1 cmt. n.4).

The district court found that Gebretekle directed Hodge to travel to West Virginia and contact specific drug purchasers that Gebretekle, rather than Hodge, chose, and to sell drugs and bring back the proceeds of those sales. Accordingly, the court found that Gebretekle managed Hodge, and applied the enhancement for his aggravating role.

At sentencing, Gebretekle noted that it was "clear that in the beginning of the conspiracy, [he] was really barking out orders to [Hodge]." (Sentencing Tr., R. 99, PageID 387.) Gebretekle also does not deny that he counseled Hodge on how to carry out drug transactions and ordered her to pick up money from his prior drug sales. Gebretekle, however, contends that this was evidence of an equal partnership, rather than a "manager-employee" relationship—or at least, that it developed into a partnership.

It is clear based on the record that Gebretekle operated as more than an equal partner. Gebretekle reached out to his contacts on Hodge's behalf to persuade them to continue purchasing narcotics through Hodge, rather than Gebretekle, while he was incarcerated. Hodge also deferred to Gebretekle on multiple occasions, often directing customers to speak with Gebretekle over the phone about the purchase of drugs. Moreover, even if Hodge's role changed to that of a partner, the Guidelines provide that the enhancement is applicable where a defendant supervises "any criminal activity"—there is no authority for the proposition that this enhancement is inapplicable if at some point during the conspiracy the roles of the participants change. U.S.S.G. § 3B1.1(c).

Accordingly, the district court did not clearly err in applying this enhancement.

### III. CONCLUSION

The judgment of the district court is hereby affirmed.